IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

DAVID LEE TANNER,

      Defendant.

CRIMINAL CASE

NO. 1:11-cr-230-9-JEC-GGB

**ORDER**

**BACKGROUND**

This case is before the Court on defendant's Motion For Review of Magistrate Judge's Detention Order [357].  In resolving this motion, the Court also sets down a scheduling status conference for **all defendants** and the Government for **January 3, 2013**.

**I.  DEFENDANT DAVID TANNER'S MOTION FOR BOND**

    A.  Background

Defendant was arrested on the present federal drug charges and arraigned on May 11, 2011; the Government moved for detention. (Gov't's Mot. for Detention [57].)  The magistrate judge held a bond hearing and issued an order detaining the defendant pending trial. (Order dated May 23, 2011 [108].)  On October 3, 2011, the defendant entered a plea of guilty [200], and awaits sentencing.  Accordingly,

the defendant has been in federal custody for approximately 19 months.

On October 3, 2012, the defendant filed a Motion To Reconsider Detention Order [323]. Defendant's apparent basis for seeking reconsideration is his post-arrest rehabilitation, which defendant believes will prompt the undersigned to impose a sentence of time-served. In support of this argument, defendant notes that he was arrested on state forgery charges for the same conduct that underlies this federal charge and was incarcerated for 13 months during 2010-2011. (*Id.* at 2.) Six months of this sentence was spent at a drug treatment facility within Walker State Prison. Thereafter, defendant entered a 6-month outpatient treatment program. (*Id.*) Following this treatment, he was arrested on the federal charges and, as noted, has been in federal custody for 19 months.

In his motion for reconsideration, defendant argued that given his substantial rehabilitation efforts following his state arrest and prior to his federal arrest, "there is a reasonable chance that he will be sentenced to time served on this case." (*Id.* at 4.) Given this possibility, he seeks immediate release on bond.

The magistrate judge conducted a hearing on this motion on October 16, 2012 [327] and denied the motion. Defendant has now appealed the magistrate judge's denial of the motion for reconsideration. (Def.'s Mot. Appealing Detention Order [357].)

2

Defendant has now served approximately 33 months, combined federal and state time, on the conduct underlying these charges. According to the Government, defendant will likely be sentenced to a period of time longer than this 33 months as the Guidelines the parties have agreed on call for a base offense level of 26 and the defendant has a criminal history of either a III, IV, or V. (Gov't's Resp. [325] at 3 and n.1). Assuming that defendant will receive a reduction for acceptance of responsibility, his final level will likely be a 23, which, with the above criminal histories, call for a minimum advisory guidelines sentence, respectively, of 57, 70, or 84 months.

Defendant candidly acknowledges that, in order for a time-served sentence to be imposed, the Court would have to give defendant a downward variance and it is this "possibility" that a time-served sentence will be imposed that prompts defendant's motion. (*See* Def.'s Mot. Appealing Detention Order [357] at 2.) Compounding the uncertainty surrounding the sentence that defendant may receive, the Government has indicated that it has not yet determined whether it will file a § 5K1.1 substantial assistance motion for defendant, although the Government doubts that any such recommendation would be for a sentence of time-served. (Gov't's Resp. [325] at 3 and n.1.) Given this uncertainty, defendant acknowledges that a presentence

3

report should be prepared prior to any hearing on his motion. (Def.'s Mot. Appealing Detention Order [357] at 3, n.1.)

    B.   <u>Discussion</u>

Sentencing has not yet been set in this case because the cases of all defendants have not yet been resolved. Two defendants remain to be tried. One defendant, Ryan Trento, has indicated he is proceeding to trial; the last-arrested defendant, Ajian Greene, has indicated that he will be entering a plea of guilty, which is set for January 3, 2013. It is understandable that defendant would not want to serve a longer sentence than might ultimately be imposed once the cases of the final two defendants have been resolved. Defendant's basis for believing that he might receive a sentence so substantially below what the likely guidelines range would be is quite speculative, however.

Specifically, the probation officer has preliminary calculated the guidelines for defendant Tanner and calculated them as calling for a final offense level of 23, with a criminal history of IV. That calculation calls for an advisory sentencing range of 70-87 months. Assuming that the Government files a § 5K1.1 motion, the reduction pursuant to that motion would have to equal approximately 7 levels to get the defendant to a time-served level. The Government's position on the present motion suggests that they would not be recommending such a large reduction.

As to the likelihood that defendant would receive a variance that would reduce his sentence to a level that would equal the time he has already served, this is very speculative. Defendant's prior drug history and earlier efforts to correct his addictive habits are not likely going to be unique factors in this case, as presumably many of the defendants in this case have had drug problems. Indeed, given that there are ten other defendants who have entered a plea of guilty and await sentencing and as most of these defendants have been detained, the granting of a bond based on the possibility that the Court might sentence this defendant to a sentence substantially lower than his likely guidelines sentence would likely prompt a stampede of these other detained defendants to receive the same treatment.

In addition, granting a bond to this defendant, or to other defendants, only to have to send them back to jail after the sentencing hearing does not seem to be in the defendants' best interest. Moreover, given defendant Tanner's past drug usage, the Court fears that there is a reasonable possibility that he might resume drug use, or even drug dealing to support that habit, while on bond. If he did so, he would then be facing a harsher sentence than he now faces. Accordingly, the Court **DENIES** defendant's Motion For Review of Magistrate Judge's Detention Order [357].

## II. **STATUS CONFERENCE TO DETERMINE**

That said, and notwithstanding the Court's consistent practice of sentencing all defendants in a conspiracy at the same time, the Court obviously does not want any defendant to serve a longer sentence than would be imposed, as a result of a sentencing hearing that is set many months in the future.  Examining the likelihood of that event, the Court has directed the probation officer to prepare a chart showing her preliminary guidelines calculations,[1] as well as whether a § 5K1.1 motion might be filed, whether the defendant is in custody, and, if so, the length of that custody.  That chart is attached.[2]

The chart indicates that of those defendants who are in custody, most of their guidelines calculations greatly exceed the amount of time that they have served.  Thus, a sentencing date in early May,[3] after defendant Trento has been tried and after AUSA Hathaway has returned from maternity leave would probably not result in these

---

[1] The presentence reports have not yet been disclosed to counsel, so the above calculations could change depending on whether counsel successfully object to these calculations.

[2] The chart, itself, will be placed under seal.

[3] Ms. Hathaway's leave begins on January 7 and will end on May 3, 2013.  It is certainly preferable, if practicable, that AUSA Hathaway be present at the sentencings, as she is knowledgeable about every facet of this case and can best advise the Court as to the pertinent factors surrounding each defendant's conduct to insure proportional and consistent sentences for each.

defendants serving a longer sentence than would have otherwise been imposed at an earlier sentencing hearing.  Indeed, the lowest guidelines calculations for a detained defendant is 51-63 months, and that defendant has been detained for approximately 19 months in pretrial detention.

But given the length of delay for any potential sentencing and the possibility that some of the detained defendants may receive a § 5K1.1 motion, the Court wants to confer with counsel for the defendants and the Government to hear counsel's thoughts about the best date for scheduling a sentencing hearing.  The Court sets this status conference for **Thursday, January 3, 2013 at 11:00 a.m., Courtroom 2107**.  At that conference, counsel for the Government should be prepared to identify any defendants whose sentence length might approach the time that they will have already served by May 2013, whether through a § 5K1.1 motion, a motion for a variance made or not opposed by the Government, or any other factor of which the Government is aware.

SO ORDERED, this 21st day of DECEMBER, 2012.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)